IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DON POWERS, KARON WERNLI,
Plaintiffs,

-vs-

NORTHSIDE INDEPENDENT
SCHOOL DISTRICT,
Defendant.

CAUSE NO.:
A-14-CV-01004-SS

# ORDER

IT REMEMBERED on the 13th day of August 2018, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. The Court heard arguments on Plaintiffs Don Powers and Karon Wernli's Corrected Motion for Leave to File a Second Amended Complaint [#96], Defendant Northside Independent School District (NISD)'s Response [#98] in opposition, and Plaintiffs' Reply [#99] thereto; as well as Plaintiffs' Motion for Reconsideration [#97], and NISD's Response [#100] in opposition. Having reviewed the documents, the governing law, arguments by counsel, and the file as a whole, the Court now enters the following opinion and order.

## Background

This case arises from the termination of Plaintiffs Don Powers and Karon Wernli, formerly the principal and assistant principal of Adams Hill Elementary School in San Antonio, Texas, by their former employer, NISD. Plaintiffs claim they were fired in retaliation for reporting the administration's failure to accommodate an allegedly disabled student in violation of the Texas Whistleblower Act.

Plaintiffs filed this lawsuit on May 22, 2014. *See* Removal Notice [#1] at 1. The Court issued an initial scheduling order setting a discovery deadline of August 3, 2015, and a dispositive motions deadline of October 1, 2015. *See* Order of Jan. 6, 2015 [#10]. NISD moved for summary judgment on October 1, 2015. *See* Mot. Summ. J. [#30]. The Court granted in part and denied in part NISD's request for summary judgment. *See* Order of Jan. 27, 2016 [#55]. NISD filed an interlocutory appeal of the Court's order. *See* Appeal Notice [#56]. The Fifth Circuit affirmed in part and dismissed in part NISD's appeal for lack of jurisdiction. *See* Appeal J. [#65]. Shortly thereafter, the Court issued a revised scheduling order permitting a second round of discovery and dispositive motion briefing. *See* Order of Dec. 29, 2016 [#66].

On September 29, 2017, NISD moved for summary judgment on its affirmative defense of failure to mitigate damages. Mot. Summ. J. [#68]. The Court granted NISD's motion for summary judgment because Plaintiffs lacked evidence they used reasonable diligence to mitigate damages by looking for substantially equivalent employment after their termination. *See* Order of Jan. 19, 2018 [#77]. The Court denied Plaintiffs' motion for reconsideration of the summary judgment order. *See* Order of Feb. 16, 2018 [#81]. Around this time, three years after this lawsuit was filed, Plaintiffs begin seeking substantially equivalent employment. On July 10, 2018, Plaintiffs moved for rescission or modification of the Court's summary judgment order based on their recent attempts to secure employment. *See* Mot. Rescission [#87]. The Court denied Plaintiffs' motion as untimely because it came after discovery closed, after NISD's motion for summary judgment was granted, and only three months before trial. *See* Order of Jul. 12, 2018 [#90] at 2.

2

Now, Plaintiffs request reconsideration of the denial of their motion for recession or modification. *See* Mot. Recons. [#97]. Plaintiffs also seek leave to file a second amended complaint. *See* Mot. Leave [#96]. Both motions are fully briefed and ripe for consideration.

**Analysis**

**I.  Motion for Reconsideration**

The Court construes Plaintiffs' motion for reconsideration as a Rule 54(b) motion because it asks the Court to reconsider its denial of their motion for recession or modification. *See* Fed. R. Civ. P. 54(b) (giving a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *see also Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order . . . should have been considered under Rule 54(b)."). While a district court's discretion to reconsider its orders is broad, "it is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Iturralde v. Shaw Grp., Inc.*, No. CIV.A. 05-330, 2012 WL 1565356, at *3 (M.D. La. May 1, 2012) (citations omitted), *aff'd*, 512 F. App'x 430 (5th Cir. 2013).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . [a]nd the standard would appear to be less exacting than that imposed by Rules 59 and 60." *Cantwell Family Tr. (1998) & Cantwell Holdings, Ltd. v. Hyten*, No. A-15-CA-414-SS, 2016 WL 1610610 at *2 (W.D. Tex. Apr. 20, 2016) (citing *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)). In examining a Rule 54(b) motion to reconsider, however,

3

"considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* In particular, a Court considers "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification . . . ." *Dos Santos*, 651 F. Supp. 2d at 553 (citations omitted).

As noted above, Plaintiffs request the Court reconsider its July 12, 2018 order denying Plaintiffs' motion for rescission or modification of the of the Court's January 19, 2018 summary judgment order. *See* Mot. Recons. [#87] at 1–2. Specifically, Plaintiffs re-urge that their recent job search efforts should be considered as evidence fulfilling their duty to mitigate damages under the Texas Whistleblower Act. *Id.*

Plaintiffs' mitigation evidence is too little too late. This lawsuit has been pending since May 22, 2014. The parties have had two full discovery periods to develop evidence for trial. The deadline for amended pleadings passed April 28, 2017, discovery closed May 28, 2018, and the dispositive motion deadline expired July 27, 2018. *See* Order of Dec. 29, 2016 [#66]. Earlier this year, the Court granted NISD's motion for summary judgment on lost wages after concluding Plaintiffs failed to mitigate damages. *See* Order of Jan. 19, 2018 [#77]. Only then, over three years into this lawsuit, did Plaintiffs begin looking for substantially equivalent employment to comply with their duty to mitigate. Plaintiffs presented their recent mitigation efforts after the close of discovery and three months before trial. Consideration of Plaintiffs' new mitigation evidence will require continuance of the October 2018 trial setting to allow additional discovery. Permitting untimely evidence undermines the Court's scheduling order and encourages re-litigation of previously decided issues.

For these reasons, the Court denies Plaintiffs' request for reconsideration.

## II. Motion for Leave to File Second Amended Complaint

Plaintiffs also seek leave to file a second amended complaint to "clarify they are seeking to recover damages for loss of earning capacity because the injury to their reputations has made them unemployable." *See* Mot. Leave [#96-1] at 1.

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533 (5th Cir. 2003). Thus, where the scheduling order precludes the filing of an amended pleading, the movant must first demonstrate good cause for modification of the order. FED. R. CIV. P. 16(b)(4). Only then may the court consider whether leave to amend should be granted or withheld under the more liberal pleading standard of Rule 15(a)(2). *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Relevant here, courts "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Par. v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *see also Alexander v. Metrocare Services*, CIV.A. 308-CV-1398-D, 2009 WL 3378625, at *2 (N.D. Tex. Oct. 21, 2009) ("When leave to amend is sought after the summary judgment motion is filed, courts routinely deny leave to amend.").

The Fifth Circuit considers four factors in determining whether good cause exists to modify a scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice to the nonmoving party; and (4) the availability of a continuance to cure prejudice. *S&W Enters.*, 315 F.3d at 536.

Consideration of these factors demonstrates no good cause exists here. To begin, Plaintiffs offer inadequate explanation for their failure to timely seek amendment. *See* Reply [#99] at 2 (explaining Plaintiffs' motion is in "response to Defendant's pleadings and orders on

5

those pleadings."). Essentially, Plaintiffs justify pursuing a new theory for damages because NISD obtained a favorable summary judgment ruling against Plaintiffs' previous damages theory. An adverse summary judgment ruling is not justification for Plaintiffs' untimeliness. The proposed amendments could have been raised earlier, and thus the first factor weighs against amendment. The third and fourth factors also weigh against leave to amend because adding a new damages theory over four years into this case will unfairly prejudice NISD and cannot be accommodated without continuing the October 2018 trial setting to permit additional discovery.[1] *See Par.*, 195 F.3d at 764 (finding no abuse of discretion in denying motion to amend as plaintiff's "attempt to broaden the issues would likely require additional discovery and another motion for summary judgment, which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues.").

With three of the four factors weighing against amendment, there is not good cause to modify the scheduling order to permit Plaintiffs' filing of a second amended complaint.

---

[1] Plaintiffs assert no additional discovery will be needed. *See* Reply [#99] at 3. Determining injury to reputation and loss of earning capacity will undoubtedly require additional discovery and likely experts to support such theories.

## Conclusion

Accordingly:

IT IS THEREFORE ORDERED that Plaintiffs' Corrected Motion for Leave to File a Second Amended Complaint [#96] is DENIED; and

IT IS FINALLY ORDERED that Plaintiffs' Motion for Reconsideration [#97] is DENIED.

SIGNED this the 16th day of August 2018.

/Sam Sparks/
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE